IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN CRAIG WIGHT, | § | |
| TDCJ #1621335, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-02639 |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The pleading in this action was filed as a civil rights complaint; however, it is apparent that it has been submitted to the wrong court and has been incorrectly filed. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.   BACKGROUND

The plaintiff, Steven Craig Wight, is incarcerated in the Bradshaw State Jail of the Texas Department of Criminal Justice ("TDCJ") located in Rusk County, Texas. Wight is serving a two year sentence pursuant to a theft conviction out of Smith County, Texas. *State v. Wight*, No. 114-0458-13 (114th Dist. Ct., Smith County, Tex, Jun. 26, 2013). Wight filed a notice of appeal challenging the trial court's decision. After reviewing the trial record and transcript, Wight's appellate counsel filed an

*Anders*[1] brief and withdrew from the case.  Wight then filed a *pro se* brief.  After reviewing the briefs, the Court of Appeals for the Twelfth District of Texas affirmed the trial court's judgment and sentence.  *Wight v. State*, No. 12-13-00227-CR (Tex. App. Tyler, Aug. 29, 2013).

Wight drafted and mailed a Petition for Discretionary Review ("PDR") apparently intending to seek review in the Court of Criminal Appeals [Doc. # 1, p. 1].  Unfortunately for Wight, he put the PDR in an envelope addressed to the "Fifth Circuit (Crt. of App.)" using the street address for the Houston federal courts.

## II.    DISCUSSION

To the extent that Wight seeks to challenge his conviction in this Court, his "§ 1983 action must be dismissed because his claim would be cognizable only in habeas corpus."  *Boyd v. Biggers*, 31 F.3d 279, 283 n.4. (5th Cir. 1994).  Wight can only file a petition for a writ of habeas corpus in federal court if he has exhausted all available state remedies.  28 U.S.C. § 2254(b); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  Exhaustion requires that the federal claims have been fairly presented to the highest court of the state either in a petition for discretionary review or an application for writ of habeas corpus.  *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).  In Texas, the Texas Court of Criminal Appeals is the court of final

---

[1]    *Anders v. California,* 386 U.S. 738 (1967).

review regarding criminal matters.  TEX. CODE CRIM. PROC. ANN., art. 4.04 § 2 (Vernon 2005).  Wight has not alleged or shown that he has properly brought the matter before the Court of Criminal Appeals.  Therefore, it cannot be considered in federal court at this time.

In addition, this Court lacks jurisdiction over this action which challenges a court conviction in Smith County, Texas, and which was filed by a prisoner incarcerated in Rusk County, Texas. *See Wadsworth v. Johnson,* 235 F.3d 959, 961 (5th Cir. 2000).  A state prisoner may seek federal habeas relief "either in the district where he is confined or the district where the sentencing court is located."  28 U.S.C. § 2241(d); *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973)).  Both Rusk County and Smith County are in the Eastern District of Texas. 28 U.S.C. § 124(c)(1).  Consequently, the petition must be dismissed for lack of jurisdiction. *Wadsworth,* 235 F.3d at 961.

This prisoner action is **DISMISSED** for lack of jurisdiction and because it lacks an arguable basis in law.   28 U.S.C. § 1915(e)(2); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

It is, therefore, **ORDERED** as follows:

1. This civil rights action, filed by Inmate Steven Craig Wight, TDCJ No. 1863759, is **DISMISSED** because it has no arguable basis in law.  28

    U.S.C. § 1915(e)(2).

2.  The Clerk is directed to provide a copy of this Memorandum and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and the *Pro Se* Clerk for the Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

3.  The Clerk is also directed to provide a copy of this Memorandum and Order, along with a copy of the PDR [Doc. # 1], to the Texas Court of Criminal Appeals, 201 West 14th Street, Room 106, Austin, Texas 78701.

SIGNED at Houston, Texas, on <u>September 30</u>, 2014.

           Nancy F. Atlas
           United States District Judge